**Lawrence POTTS, Petitioner–Appellant,**

v.

**Jackie CRAWFORD; et al., Respondents–Appellees.**

**No. 03–15803.**

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2005.*

Decided July 14, 2005.

John C. Lambrose, Esq., Linda Marie Bell, Esq., Federal Public Defender's Office, Las Vegas, NV, for Petitioner–Appellant.

Victor Hugo Schulze, II, Esq., Office of the Nevada Attorney General, Las Vegas, NV, for Respondents–Appellees.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: SILVERMAN, WARDLAW, and CLIFTON, Circuit Judges.

MEMORANDUM **

Lawrence Potts appeals the district court's denial of his 28 U.S.C. § 2254 habeas petition challenging his Nevada convictions and sentences for accessory to robbery and felony possession of a stolen vehicle. We have jurisdiction pursuant to 28 U.S.C. § 2253 and affirm.

Petitioner argues that the district court abused its discretion by not staying the mixed petition to allow petitioner to exhaust his unexhausted claims. We review a district court's grant or denial of a stay for an abuse of discretion. *Rhines v. Weber*, —— U.S. ——, 125 S.Ct. 1528, 1534–35, 161 L.Ed.2d 440 (2005). The district court gave petitioner the opportunity to exercise his options under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), and offered petitioner an administrative closure procedure that was the equivalent of a stay and abeyance. Petitioner, who was represented by counsel in the district court, filed a written declaration stating that he "voluntarily, knowingly, and intelligently [chose] to abandon" his unexhausted claims and acknowledging that he would be barred from raising the claims in any federal proceedings. He thus gave up his right to pursue the unexhausted claims.

Petitioner's argument that the district court failed to advise him of the right to a stay and abeyance is foreclosed by *Pliler v. Ford*, 542 U.S. 225, 124 S.Ct. 2441, 2445–47, 159 L.Ed.2d 338 (2004).

We decline to expand the COA to consider the merits of petitioner's exhausted claims. Reasonable jurists would not find the district court's assessment of the constitutional claims to be debatable or wrong. *See Miller–El v. Cockrell*, 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000).

AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

